UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMARA SAMANTHA TRYON,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

Case No. C17-589-RSL-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

      This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Tamara Tryon seeks to challenge in this action her 2013 Skagit County Superior Court judgment and sentence. Respondent filed an answer to petitioner's habeas petition together with relevant portions of the state court record. Petitioner did not file any response to respondent's answer. This Court, having reviewed the submissions of the parties, concludes that this federal habeas action should be dismissed as untimely under 28 U.S.C. § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

BACKGROUND

On June 21, 2013, petitioner was found guilty, following a jury trial, on one count of kidnapping in the first degree. (*See* Dkt. 14, Ex. 1 at 1.) Petitioner was sentenced on July 19, 2013 to a term of 57 months confinement. (*See id.*, Ex. 1 at 4.) Petitioner appealed her conviction to the Washington Court of Appeals, and the Court of Appeals issued an unpublished opinion affirming the conviction on September 22, 2014. (*See id.*, Exs. 2-4.) Petitioner next sought review in the Washington Supreme Court, and the Supreme Court denied review without comment on March 4, 2015. (*Id.*, Exs. 5-6.) The Court of Appeals issued its mandate terminating direct review on April 15, 2015. (*Id.*, Ex. 7.)

On April 18, 2016, petitioner filed a personal restraint petition in the Washington Court of Appeals, and the Court of Appeals issued an order dismissing the petition on August 4, 2016. (*See id.*, Exs. 8-10.) Petitioner did not seek further review in the Washington Supreme Court, and the Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on September 16, 2016. (*See id.*, Ex. 11.)

DISCUSSION

Respondent argues in its answer to petitioner's federal habeas petition that the petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d).[1] (*See* Dkt. 12 at 15-20.) Respondent is correct.

Pursuant to § 2244(d)(1), a one year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. The one year limitation period generally begins to run from the date of the conclusion of direct

---

[1] Respondent makes additional arguments in its answer to the petition which this Court need not address given that the petition is clearly time barred.

REPORT AND RECOMMENDATION
PAGE - 2

review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe* 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court denied petitioner's petition for review on direct appeal on March 4, 2015. (Dkt. 14, Ex. 6.) Petitioner had 90 days following the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately June 2, 2015, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because petitioner did not file a petition for writ of certiorari, her conviction became final on or about June 2, 2015. 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely personal restraint petition in the Washington Court of Appeals on April 18, 2016, which stopped the clock on the federal statute of limitations. At that time, 320 days had run on the statute of limitations. The Washington Court of Appeals dismissed the petition on August 4, 2016, thus concluding petitioner's collateral proceedings in the state courts. The statute of limitations began to run again the following day, August 5, 2016, and expired 45 days later on September 19, 2016. Petitioner did not file her federal habeas petition until April 14, 2017, well past the date on which the statute of limitations expired.

The statute of limitations governing federal habeas petitions is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). However, the Ninth Circuit has made clear

that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).  A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)).  Petitioner makes no showing that she is entitled to equitable tolling.

Because petitioner filed her petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that she is entitled to equitable tolling of the limitations period, her petition is time-barred and must therefore be dismissed.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of her federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's petition for writ of habeas corpus, and this action, be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 14, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 16, 2018.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 24th day of October, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge